UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEROI SAWYER,<br>Plaintiff,<br>v.<br>S. HARVICK, et al.,<br>Defendants. | Case No. 26-cv-02603-VC<br><br>**ORDER OF SERVICE** |

Kevin Deroi Sawyer, a California state prisoner at San Quentin Rehabilitation Center (SQRC) proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 regarding an allegedly false Rules Violation Report and unfair parole process. Sawyer has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. Service of the complaint is ordered on defendants Harvick, Teixeira, and Mok.

## DISCUSSION

### I. Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

**II. Sawyer's Allegations**

The following is a paraphrased version of Sawyer's allegations:

Defendant S. Harvick wrote a CDCR Form 115 Rules Violation Report ("RVR") against Sawyer for not moving from a ground floor cell to a fourth floor cell, which Sawyer states was not possible due to his osteoarthritis in his hips and lower back arthritis, both of which contribute to a lifting restriction of 19 pounds. Dkt. No. 3 at 8. Despite Sawyer's statement that he could not move his boxes up the stairs, Harvick wrote the RVR and mentioned in the report that Sawyer told him of this restriction. *Id.* at 9. Sawyer wrote a five page statement (including five pages of medical records) about the RVR and his medical condition for the senior hearing officer, Defendant T. Teixeira. *Id.* Defendant Teixeira told Sawyer if he pled guilty to the RVR he would drop it to a Counseling Chronological Document, also known as a 128. *Id.* Sawyer refused, and was found guilty. *Id.* Defendant Teixeira did not review the statement prepared by Sawyer, which he claims disregarded evidence that his health and safety was in jeopardy due to arthritis. *Id.*

Sawyer filed a CDCR 602-1 Grievance to challenge the finding of guilt. *Id.* He alleged a due process violation and was granted a rehearing. *Id.* at 10. He was called to the officers' desk by defendant Harvick, and defendant Harvick and officer Alvarez informed Sawyer that officer Garibay would serve as his Investigative Employee ("IE") for the RVR. *Id.* Later, Sawyer was

told by officer K. Blasco that he would be Sawyer's Staff Assistant ("SA") for the RVR and that the RVR would be dropped to a Form 128. *Id.* Sawyer never received the help of officer Garibay. *Id.* Sawyer later refused to participate in the RVR hearing because it was 14 days beyond when a hearing should be held. *Id.* at 11. Officers Garibay and Blasco did not assist with the RVR proceedings. *Id.* The officers assigned to the hearing were not the specified IE or SA. *Id.*

Lieutenant K. Mok held a hearing on the RVR without Sawyer present. *Id.* In the Disciplinary Hearing Results ("DHR"), Defendant Mok found Sawyer guilty of the RVR, relying only on the Form 115 authored by defendant Harvick. *Id.* Defendant Mok did note that the time constraints for the "reissue/rehear[ing]" had expired. *Id.* No consideration was given to the statement authored by Sawyer and entered into the RVR record by defendant Teixeira in the previous RVR hearing. *Id.* Sawyer wrote the Office of Appeals ("OOA") to challenge the new finding of guilt. *Id.* at 12. Sawyer notes logistical discrepancies with this appeal as to which form is applicable. *Id.* He notes multiple issues with his grievance and appeals, which Sawyer claims violated his rights. *Id.* at 13. He also notes that no Effective Communication Confirmation, which is required due to an incorrect education score, was provided for the grievance or appeal, which he alleges is another due process violation. *Id.*

Sawyer attended a psychological evaluation before the parole hearing, where Dr. Lisa Tobin wrote about and affirmed his arthritis, and which he states the parole board commissioners failed to consider. *Id.* at 14. By the time the grievance and appeals process was completed, the Board of Parole Hearings denied his release by five years. *Id.* at 14. The RVR is noted in the transcript of the parole board hearing. *Id.* He states Defendants William Sullivan and Eleanore Adams disregarded the notes by Dr. Tobin. *Id.* They also noted that he refused to move cells and was found guilty of an RVR. *Id.* at 15.

Sawyer discusses other correspondence with the OOA regarding his grievance and remedies, and they confirmed no remedy could be issued by the office. *Id.* at 15-16.

## III. Analysis

**1. Defendant Harvick**

Sawyer claims defendant Harvick violated his Eighth Amendment right to be free from cruel and unusual punishment when he wrote an allegedly false RVR despite knowing of his pre-existing medical condition, creating an unreasonable risk of harm. *Id.* at 17. Sawyer also claims defendant Harvick violated his Fourteenth Amendment right to due process when he filed a false RVR; attempted to "obtain subornation of perjury" when he wrote officers Jackson and Costa were present during his discussion with Sawyer; and prepared false documentary evidence regarding the time of the incident. *Id.* He also claims defendant Harvick misstated the regulations he violated. *Id.* at 18. For the reasons stated below, Sawyer has alleged a cognizable Eighth Amendment claim against defendant Harvick, but not a procedural due process claim.

**a. Eighth Amendment Claim**

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

Here, Sawyer alleges that defendant Harvick asked Sawyer to move cells, something that he could not physically complete without risk of injury. Dkt. No. 3 at 8. Nevertheless, after Sawyer informed defendant Harvick of this restriction, defendant Harvick still wrote an RVR against Sawyer, even mentioning in the report that Sawyer informed him of his limitations. *Id.* Construed liberally, Sawyer has alleged sufficient facts to show deliberate indifference to his medical needs because defendant Harvick had knowledge of Sawyer's medical limitations and nevertheless punished Sawyer for his inability to perform such tasks, forcing him to choose between the risk of substantial physical harm or a rules violation.

**b. Procedural Due Process Claim**

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v.*

*Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). Whether a liberty interest is invoked depends on whether the restraint is atypical and significant, and generally "the chance that the misconduct will affect . . . parole status is . . . too attenuated to invoke the Due Process Clause's procedural guarantees." *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Here, the alleged deprivation is being denied parole and being falsely accused of a rules violation. Sawyer does not allege that the reason for his parole denial is solely the rules violation report. Dkt. No. 3 at 14. Sawyer's parole denial is too far attenuated from the RVR to be a protected liberty interest. *See Sandin*, 515 U.S. at 487 (holding that parole denials can be based on a myriad of considerations, and the chance a finding of misconduct will alter the balance is too attenuated to invoke procedural guarantees of the Due Process Clause.) Moreover, because he has no protected right from being falsely accused of conduct, the RVR itself is not a protected liberty interest. *See Freeman* at 951.

**2. Defendants Teixeira and Mok**

Sawyer claims defendants Teixeira and Mok violated his Eighth Amendment right to be free from deliberate indifference and cruel and unusual punishment when they disregarded his statement, medical documents, and arthritis, finding him guilty of the RVR and punishing him. *Id.* at 18-19. He also alleges they violated his Fourteenth Amendment right to due process when they failed to supervise defendant Harvick. *Id.* at 20.

Similar to the above, defendants Teixeira and Mok both allegedly had knowledge of Sawyer's medical condition. Nevertheless, they affirmed defendant Harvick's RVR that punished Sawyer for failing to do something he could not physically do. Essentially, this left Sawyer with a choice to either (1) perform the task requested and risk substantial harm or (2) receive a rules violation determination. Liberally construed, Sawyer has alleged sufficient facts to support violations of his Eighth Amendment rights because they indicate deliberate indifference to serious medical needs.

However, neither defendant Teixeira nor Mok could have violated Sawyer's right to due

process. As stated above, false rules violations do not necessarily rise to the level of a protected liberty interest, especially where the RVR only *could* result in the deprivation of parole. *See Sandin*, 515 U.S. at 487. Thus, Sawyer has failed to allege sufficient facts a due process or failure to supervise claim against defendants Teixeira and Mok.

**3. Defendants Sullivan and Adams**

Sawyer claims defendants Sullivan and Adams violated his Eighth Amendment rights by demonstrating deliberate indifference by failing to review Tobin's remarks during the comprehensive risk assessment. *Id.* at 21. He also claims they violated his Fourteenth Amendment right to due process for failure to adequately follow the law. *Id.* at 22. For the reasons stated below, Sawyer has not alleged a cognizable claim against defendants Sullivan and Adams.

**a. Eighth Amendment Claim**

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

Unlike above, Sawyer alleges no acts by defendants Sullivan and Adams that rise to the level of deliberate indifference. While the acts committed by defendants Harvick, Teixeira, and Mok allegedly punished Sawyer for something he could not physically do (creating a choice between physical harm or an RVR), here Sullivan and Adams do not force a similar decision by failing to consider Dr. Tobin's remarks. While their actions *may* have made it less likely Sawyer is granted parole, it did not put him at risk of serious harm.

**b. Procedural Due Process Claim**

Unlike the above, Sawyer here complains of a parole denial for failure to follow the law, not that defendants Sullivan or Adams participated in the writing or affirming the RVR. The harm complained of by Sawyer in this claim is the denial of parole without consideration of

remarks by Dr. Tobin and the misapplication of California law.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Id.* at 487.

The denial of Sawyer's parole on the basis of failing to follow California's Elderly Parole guidelines and disregarding of Dr. Tobin's statements is barred because the injury is the denial of parole, and success on this procedural due process claim would require invalidating the parole denial. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (noting that few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole). It is better suited for state remedy or a petition for writ of habeas corpus.

**4. Official Capacity**

Suits for damages based on actions taken in their official capacity are barred by the Eleventh Amendment. To the extent Sawyer seeks such damages for actions taken by defendants Harvick, Teixeira, or Mok in their official capacity, they are barred.

## CONCLUSION

Plaintiff has stated a cognizable Eighth Amendment claim against defendants Harvick, Teixeira, and Mok for deliberate indifference to his medical needs. Based on the foregoing, the court orders as follows:

1. The court orders that the following defendants be served electronically:
   a. Correctional Officer S. Harvick
   b. Correctional Lieutenant T. Teixeira
   c. Correctional Lieutenant Komosi Mok

Service on the listed defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court which defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) or which defendant(s) decline to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk is requested to prepare for each defendant, if they have not waived service according to the CDCR Report of E-Service Waiver, a USM-285 Form. The clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before sixty (60) days from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by

the USMS, then defendants shall serve and file an answer within twenty-one (21) days after being served with the summons and complaint.

3. The following briefing schedule shall govern dispositive motions in this action:

a. If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date the answer is due. If the defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendants believe this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Sawyer.

At the time the dispositive motion is served, the defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

b. Sawyer's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendants no later than twenty-eight days after the date on which the defendant's motion is filed.

Before filing his opposition, Sawyer is advised to read the notice that will be provided to him by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Sawyer is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents

authenticated by sworn declaration. Sawyer will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. The defendants shall file a reply brief no later than fourteen days after the date Sawyer's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

5. All communications by Sawyer with the court must be served on the defendants, or the defendants' counsel once counsel has been designated, by mailing a true copy of the document to the defendants or counsel.

6. It is Sawyer's responsibility to prosecute this case. Sawyer must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: November 25, 2026

VINCE CHHABRIA
United States District Judge